```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                       NORTHEASTERN DIVISION
```

CORTEZ BANKS,                    )
                                 )
        Plaintiff                )
                                 )      No. 2:13-0119
v.                               )      Judge Sharp/Brown
                                 )      **Jury Demand**
C.O. KEVIN BARNES, *et al.*,     )
                                 )
        Defendants               )

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to obtain service of process within 120 days under Federal Rule of Civil Procedure 4(m).

The Plaintiff filed a complaint against Defendants Barnes and Schopue on November 15, 2013, *in forma pauperis* (Docket Entry 1). On November 20, 2013, the Court allowed the Plaintiff to proceed *in forma pauperis*, dismissed the claims against Schopue and directed the Clerk to send the Plaintiff a service packet for Defendant Barnes. Service of process was directed to be done by the United States Marshals Service upon the return of the service packet and the matter was referred to the undersigned for case management and for a report and recommendation on any dispositive matters (Docket Entry 3).

The Plaintiff returned the service packet to the Clerk's office on December 12, 2013 and summonses were issued as to Defendant Barnes on December 13, 2013 by the Clerk's office (Docket

Entry 6). The summons was returned unexecuted on December 17, 2013 by the Marshals Service with the notation that it was returned as Defendant Barnes was no longer employed as of October 2013 (Docket Entry 7).

The Magistrate Judge then issued an order (Docket Entry 8) pointing out that the Plaintiff had 120 days within which to obtain service of process and providing him with a method by which he could obtain a better address for Defendant Barnes. The Plaintiff was cautioned that absent a request for additional time for good cause shown, his case was subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

**LEGAL DISCUSSION**

Rule 4(m) a plaintiff 120 days within which to obtain service of process and specifically provides that the Court must dismiss the action without prejudice after notice to the plaintiff, or order that service be made within a specific time. The Court has the authority for good cause shown to extend the time of service for an appropriate period.

In this case the Plaintiff was specifically notified of the requirements of Rule 4(m) on January 8, 2014 (Docket Entry 8). Since that time the Plaintiff has taken no action to provide the Court with a better address or to ask the Court for additional time to secure a better address.

A prisoner does not have the ability to serve process personally and is dependent upon the Marshals Service to accomplish

2

that service. The Magistrate Judge therefore does not believe that the 120 days should start to run until the Plaintiff returned the service packet to the Court and the Clerk issued a summons on December 13, 2013 (Docket Entry 6).

As of the date of the report and recommendation, 120 days has now run and this case is subject to dismissal for failure to obtain service of process within that time or to show good cause why the time should be extended.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends this case be DISMISSED without prejudice for failure to obtain service of process within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

---

[1] Although a dismissal without prejudice is recommended it may be that if the one-year statute of limitations on actions under 1983 have run that any new suit would be barred by that statute. The complaint itself does not allege the date on which Plaintiff alleges he was assaulted by Defendant Barnes.

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 14th day of April, 2014.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge